UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ZIONS FIRST NATIONAL BANK, )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MO AUGER INVESTMENTS, LLC, )<br>MYLES OGEA, MILO 801, LLC, a/k/a )<br>MILO 801, INC., AQUA GRILL, INC., )<br>MYLO, INC., UNITED STATES SMALL )<br>BUSINESS ADMINISTRATION, )<br>INDIANA DEPARTMENT OF REVENUE,)<br>and TIM D. HOLT, )<br>Defendants. | 1:09-cv-0897-SEB-DKL |

**ENTRY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on the Motion for Summary Judgment [Docket No. 25] filed by Plaintiff, Zions First National Bank ("Zions"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, on September 11, 2009. By order dated September 30, 2010 [Docket No. 73], the Court granted summary judgment in favor of Zions with respect to MO Auger Investments, LLC ("MAI") and Myles Ogea. Having considered Plaintiff's unopposed submission, the Court now GRANTS Zions's Motion for Summary Judgment with respect to Milo 801, LLC ("Milo 801") because the undisputed facts in the record establish that Zions is entitled to judgment as a matter of law.

Specifically, the record establishes that on January 3, 2007, MAI executed a promissory note (the "Note") in the amount of $1,562,500, with an interest rate of 11.48%, payable to Zions. Milo 801 executed a guaranty in favor of Zions in which it

unconditionally guaranteed payment of MAI's obligations to Zions.  MAI subsequently defaulted on the Note by failing to pay monthly installments as they came due, and Zions reasonably deemed itself insecure.  Accordingly, Zions demanded that MAI pay the entire balance due on the Note in a letter dated November 26, 2008.  Milo 801 received the same demand letter, which sought payment from Milo 801 and other parties who had guaranteed the Note.  The Note is currently due and payable for the full amount, and all conditions required in order for Zions to enforce this obligation against MAI and its guarantors have been satisfied.

Certain events have impacted our consideration of Zions's Motion for Summary Judgment since September of 2009.  Thus, the Court takes judicial notice of the following facts: (1) Defendants Aqua Grill, Inc., Mylo, Inc., and Milo 801 each filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code; (2) Aqua Grill, Inc. and Mylo, Inc. have confirmed their plans in their Chapter 11 cases; and (3) Milo 801's Chapter 11 case was dismissed by the United States Bankruptcy Court for the Southern District of Indiana on January 24, 2011.  As such, the Court may properly consider the Motion for Summary Judgment with respect to Milo 801.

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the suit under the

governing law, and a dispute about a material fact is genuine only if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party bears the burden of demonstrating that such a genuine issue of material fact exists. See *Harney v. Speedway SuperAm.*, 526 F.3d 1099, 1104 (7th Cir. 2008) (citations omitted). Here, the absence of any genuine dispute of material fact entitles Zions, the moving party, to the entry of summary judgment. *Celotex*, 477 at 330.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1. Summary judgment is entered in favor of Zions and against Milo 801 on Count II of Zions's Complaint.[1]

2. Zions is awarded damages[2] against Milo 801 in the principal amount of $548,962.21 and interest in the amount of $88,707.41 through August 16, 2011 plus interest from August 17, 2011 to the date of judgment. Thus, Zions is awarded a total judgment of $637,669.62 plus interest from August 17, 2011 to the date of judgment.

3. Zions is awarded post-judgment interest at the statutory rate from the date of

---

[1] Zions filed its original Complaint on June 16, 2009 in the Delaware Circuit Court. The United States removed the cause of action to federal court on July 22, 2009. When Zions filed its Complaint, it originally sought foreclosure of its mortgage against real estate owned by MAI (the "Real Estate"). However, MAI subsequently transferred its ownership in the Real Estate and related personal property to Mylo, Inc. Counsel for Zions has indicated in its August 12, 2011 status report that the bankruptcy court authorized Mylo, Inc. to sell the Real Estate. Therefore, Counts III, IV, and V of the Complaint need not be considered; they are moot.

[2] Zions's Supplemental Declaration of Jeremy Ringwood [Docket No. 78], dated August 24, 2011, updated the outstanding amount owed to Zions.

judgment until the judgment is paid in full.

4. There is no just reason for delay in the entry of judgment, and this is a final judgment on these claims.

IT IS SO ORDERED.

Date: _____09/08/2011_____

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Amy L. Higgins
TAFT, STETTINIUS & HOLLISTER LLP
higgins@taftlaw.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Martha R. Lehman
KRIEG DEVAULT, LLP
mlehman@kdlegal.com

Matthew R. Strzynski
KRIEG DEVAULT LLP
mstrzynski@kdlegal.com